UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EMMA NAGLE-ALEXANDER | * |
| | *   CIVIL ACTION NO. |
| | * |
| VERSUS | *   JUDGE: |
| | * |
| | *   MAGISTRATE: |
| KARL SENNER, CHRISTOPHER SENNER, | * |
| STEVEN VALDES AND | * |
| KARL SENNER, LLC. | * |
| | * |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

**NOTICE OF REMOVAL**

TO:  THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA:

**NOW INTO COURT**, through undersigned counsel, come Karl Senner, Christopher Senner, Steven Valdes, and Karl Senner, LLC (collectively "Defendants"), who file this Notice of Removal of this case from the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, to the United States District Court for the Eastern District of Louisiana pursuant to 28 U.S.C. §§1331, 1441 and 1446. Defendants file this Notice of Removal with full reservation of any and all rights, defenses and objections. In support of this Notice of Removal, Defendants state as follows:

**I.   THE STATE COURT ACTION**

1. Defendants have been named in the above-captioned civil matter in the 24th Judicial Court for the Parish of Jefferson, titled *Emma Nagle-Alexander v. Karl Senner, Christopher*

*Senner, Steven Valdes and Karl Senner, LLC* bearing Suit Number 828-680 and pending in Division J of that Court (the "State Court Action").[1]

2. Plaintiff filed her original Petition for Damages on January 23, 2023 alleging discrimination claims against Defendants under the Louisiana Employment Discrimination Law ("LEDL"), La. R.S. 23:301. e*t seq.*[2]

3. In the state court action, Plaintiff, Emma Nagle-Alexander alleges that she worked for Karl Senner, LLC from August 7, 2020 until her termination on February 1, 2022. Plaintiff alleges that during her employment she began to experience harassment and bullying in December 2020, which was mostly directed at her inability to perform impossible personal tasks for the member/managers of Defendant, Karl Senner, LLC.[3]

4. At the time the state court action was filed, the case was not removable as it did not present any claims whereby this Court would have original jurisdiction.

5. On February 28, 2023 Defendants responded to the original Petition for Damages by filing an Exception or Prematurity in accordance with La. Code of Civ. Proc. Art. 927(A)(5).[4] There has not been a ruling by the State Court on Defendants' Exception of Prematurity.

6. In response to Defendant's Exception of Prematurity, Plaintiff filed an Opposition on March 9, 2023, which included a representation that she had filed an Amended Petition for Damages asserting claims pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000E.[5]

---

[1] The entire suit record including Plaintiff's Petition for Damages and Amended Petition for Damages, is attached hereto as **Exhibit 1.**
[2] *See* Plaintiff's Petition for Damages contained in **Exhibit 1.**
[3] **Exhibit 1**, Plaintiff Petition for Damages, ¶ ¶ 8-9.
[4] *See* Defendant's Exception of Prematurity contained in **Exhibit 1.**
[5] *See* Plaintiff's Opposition to Defendant's Exception of Prematurity contained in **Exhibit 1.**

7. Plaintiff's amended Petition for Damages was filed on March 7, 2023 and asserts claims against Defendants for discrimination pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000E based on the factual allegations set forth in her Original Petition for Damages.[6]

8. As a result of Plaintiff's Amended Petition for Damages, this matter became removable pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1446(2)(b)(3).

9. Defendants, Karl Senner, Christopher Senner, and Steven Valdes were served with the Amended Petition for Damages on March 13, 2023. Defendant, Karl Senner, LLC was served with the Amended Petition for Damages on March 14, 2023.[7]

## REMOVAL IS BOTH TIMELY UNDER 28 U.S.C. § 1446 AND PROPER AS THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

10. This matter is being removed within thirty days of Defendants first receipt of Plaintiff's Amended Petition for Damages and within one year of the filing of Plaintiff's Initial Petition for Damages.[8]

11. It is an action in which this Court has original jurisdiction under 28 U.S.C. § 1331, as it asserts claims pursuant to Title VII of the Civil Rights Act, which claims arise under the laws of the United States. In particular, Plaintiff alleges that during her employment with Karl Senner, LLC, she was subject to harassment and discrimination purportedly due to her gender (female). Accordingly, removal of this suit is proper because it is an action in which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 as it is a civil action arising under the laws of the United States. 28 U.S.C. § 1441(a).

---

[6] *See* Plaintiff's Amended Petition for Damages contained in **Exhibit 1.**
[7] *See* Returns of Service contained in **Exhibit 1.**
[8] *See* 28 U.S.C § 1446(b)(2)(B) and Fed. R. Civ. P. 6(a).

12. The Court enjoys supplemental jurisdiction over Plaintiff's remaining claims pursuant to 28 U.S.C. § 1367, because Plaintiff's claims all are based on the same set of underlying facts and form part of the same case or controversy.

13. In light of the foregoing, this action may be removed pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446.

14. This Court embraces the locality in which the state court action is now pending and, thus, is a proper forum for this action pursuant to 28 U.S.C. § 1441(a).

15. As required by 28 U.S.C. § 1446(a), a copy of the entire state court record, including all process, pleadings and orders served upon Plaintiff and Defendants, is attached hereto as Exhibit "1".

16. In accordance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on all adverse parties, and a copy is being filed with the Clerk of the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.[9]

17. Defendants reserve the right to amend or supplement this Notice of Removal.

18. Defendants reserve all rights, defenses, and objections, including, without limitation, insufficiency of process, insufficiency of service of process, lack of personal jurisdiction, improper venue, lack of procedural capacity, improper cumulation, no right of action, lack of standing, prescription, preemption, and no cause of action.

19. If any question rises regarding the propriety of removal, Defendants respectfully request that they are provided the opportunity to present a brief and/or oral argument in support of removal.

---

[9] *See* Notice to State Court of Removal, filed herein as Exhibit "2."

**WHEREFORE,** Defendants, Karl Senner, Christopher Senner, Steven Valdes, and Karl Senner, LLC, remove this action, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, from the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, to this Honorable Court.

Respectfully submitted:

**ADAMS AND REESE LLP**

  /s/ James P. Waldron
**ELIZABETH A. ROUSSEL (#27943)**
**JAMES P. WALDRON (#28797)**
**P. HOGAN CROSBY (#40324)**
701 Poydras Street
Hancock Whitney Center, Suite 4500
New Orleans, LA   70139
Email: Liz.Roussel@arlaw.com
          James.Waldron@arlaw.com
          Hogan.Crosby@arlaw.com
Telephone: (504) 581-0135
Facsimile: (504) 566-0210
*Attorneys for Karl Senner, LLC, Karl Senner, Christopher Senner and Steven Valdes*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing *Notice of Removal* has been served upon all counsel of record by electronic mail, this 27th day of March 2023.

Plaintiff,
Through her counsel of record,
Robert T. Garrity, Jr.
615 Hickory Avenue
Harahan, LA 70123
rgarrity@robertgarrityjr.com

/s/ *James P. Waldron*
**James P. Waldron**